**FILED**

JUL 30 2007

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS GORMAN,<br><br>    Petitioner,<br><br>    vs.<br><br>MATTHEW C. KRAMER,<br><br>    Respondent. | C 07-2883 MJJ (PR)<br><br>**ORDER GRANTING MOTION FOR STAY; INSTRUCTIONS TO CLERK**<br><br>(Docket Nos. 2 & 7) |

    Petitioner, a California prisoner incarcerated at Pelican Bay State Prison, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his state court conviction. He has filed a motion to stay this case while he exhausts a new claim in state court, and he has also applied for leave to proceed in forma pauperis.

    Petitioner raises four claims in the instant petition: (1) his conviction violates his right to due process because a jury instruction allowed the jury to convict him on less than proof of every element of his offense beyond a reasonable doubt; (2) the admission or evidence of racial slurs violated his right to due process; (3) he received ineffective assistance of counsel; and (4) his sentence violates his Sixth Amendment right to a jury trial because it was aggravated on the basis of facts nor found beyond a reasonable doubt. This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). Petitioner's claims, which he claims to have already exhausted, are, when liberally construed, cognizable.

G:\PRO-SE\MJJ\HC.07\gorman.sty.wpd

Petitioner wishes to stay this proceeding while he exhausts an additional claim in state court, namely that the enhancement of sentence violates his Sixth Amendment right under the recent Supreme Court decision in Cunningham v. California, 127 S. Ct. 856, 871 (2007). The United States Supreme Court has held that district court may stay mixed habeas petitions to allow the petitioner to exhaust in state court. Rhines v. Webber, 544 U.S. 269, 277-78 (2005); see also Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (noting prisoners may file "protective" petition in federal court and ask federal court to stay federal habeas proceedings until state remedies exhausted). A stay is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. Rhines, 544 U.S. at 277. Moreover, where granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and back." Id. at 278. The claim petitioner wishes to exhaust is, when liberally construed, cognizable. Moreover, petitioner has shown cause for failing to raise these claims sooner insofar as the decision in Cunningham was not issued until after he had completed his direct appeals. Under these circumstances, the motion for a stay is GRANTED.

Petitioner is cautioned that if he wishes to have this Court consider the unexhausted claim, he must properly present it the California Supreme Court <u>within thirty days</u> of the date of any decision by the California Court of Appeal rejecting his claim. Further, if petitioner wishes to have this Court consider his petition, including the exhausted claims set forth therein, he must file a motion to reopen this action <u>within thirty days</u> of the California Supreme Court's decision rejecting his claim, which motion shall be accompanied by AMENDED PETITION containing his newly exhausted claim. The amended petition must include the caption and civil case number used in this order, No. C 07-2883 MJJ (PR), and must include the words AMENDED PETITION on the first page. <u>In the amended petition, petitioner must include all the claims he wishes to present, including both the newly exhausted claims and the cognizable third claim from the present petition.</u> In the event the new claim petitioner is exhausting is granted in the California courts, petitioner shall so

1  notify the court in a motion to reopen this action, filed in this court within 30 days of the date
2  this order is filed.
3       In light of petitioner's lack of funds, the application to proceed in forma pauperis is
4  GRANTED.
5       The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this
6  action.
7       This order terminates Docket Nos. 2 & 7.
8       IT IS SO ORDERED.
9  DATED: 7/28/2007

MARTIN J. JENKINS
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL THOMAS GORMAN,

    Plaintiff,

v.

MATTHEW C. KRAMER et al,

    Defendant.

Case Number: CV07-02883 MJJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 30, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Thomas Gorman
California State Prison, Folsom
Prisoner Id T80924
P.O. Box 715071
Represa, CA 95671

Dated: July 30, 2007

Richard W. Wieking, Clerk
By: Edward Butler, Deputy Clerk