FILED

MAR 31 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS GORMAN,<br><br>Petitioner,<br><br>vs.<br><br>MATTHEW C. KRAMER,<br><br>Respondent. | C 07-2883 MJJ (PR)<br><br>**ORDER GRANTING MOTION TO REOPEN; LIFTING STAY; REOPENING CASE; TO SHOW CAUSE**<br><br>(Docket No. 9) |

Petitioner, a California prisoner incarcerated at Pelican Bay State Prison, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his state court conviction. His motion to stay the case while he exhausted new claims in state court was granted, and petitioner has now notified the court that he has exhausted his new claims and has filed an amended petition containing such claims. Accordingly, the court reopens the case, lifts the stay and orders respondent to show cause why a writ should not issue based on the cognizable claims in the amended petition.

### BACKGROUND

In 2002, in Humboldt County Superior Court, petitioner was convicted of first degree murder and second degree burglary, and he was sentenced to a term of 25 years to life in state prison. The California Court of Appeal affirmed, and the Supreme Court of California denied review. Subsequent habeas petitions in the California state courts were denied.

### DISCUSSION

A.  Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

G:\PRO-SE\MJJ\HC.07\gorman.osc.wpd

custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.   Legal Claims

In the amended petition, petitioner claims that: (1) jury instructions pursuant to CALJIC No. 8.27 violated petitioner's right to due process; (2) admission of evidence of his use of racial slurs violates his right to due process; (3) he received ineffective assistance of counsel; and (4) his sentence was based on factors not found beyond a reasonable doubt by a jury. Liberally construed, these claims are cognizable.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   The Clerk of the Court shall serve by certified mail a copy of this order, and the March 20, 2008 amended petition and all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2.   Respondent shall file with the Court and serve on petitioner, within 90 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the cognizable claims described above. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of his receipt of the answer.

3.   Respondent may, within 90 days of the date this order is filed, file a motion to

dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within 15 days of receipt of any opposition.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline which they seek to extend.

7. The motion to reopen this case is GRANTED. The stay in this matter is LIFTED and the clerk shall REOPEN the file.

This order terminates Docket No. 9.

IT IS SO ORDERED.

DATED: 3/20/2008

MARTIN J. JENKINS
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL THOMAS GORMAN,

    Plaintiff,

v.

MATTHEW C. KRAMER et al,

    Defendant.
_____/

Case Number: CV07-02883 MJJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 2, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Thomas Gorman
California State Prison, Folsom
Prisoner Id T80924
P.O. Box 715071
Represa, CA 95671

Dated: April 2, 2008

Richard W. Wieking, Clerk
By: Monica Tutson, Deputy Clerk